# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 11, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**JEFFREY TENNANT,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0158** (BOR Appeal No. 2049648)
            (Claim No. 2014022777)


**FIRE SAFETY INVESTIGATIONS,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jeffrey Tennant, by James R. Fox, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Fire Safety Investigations, by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 26, 2015, in which the Board affirmed a July 9, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's February 14, 2014, decision denying Mr. Tennant's application for workers' compensation benefits because he did not cooperate with the investigation of the claim. The Office of Judges modified the claims administrator's decision to reflect that it denied Mr. Tennant's application in accordance with West Virginia Code § 23-4-2(a) (2005). The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Tennant worked as a Safety Consultant for Fire Safety Investigations. On October 1, 2013, Mr. Tennant was in a motor vehicle accident while on his way to take a drug test as directed by his boss, Brent Harris. Mr. Harris had received reports of Mr. Tennant acting erratic and strange earlier that day before the accident occurred and received a request to send a

1

replacement for Mr. Tennant. Edward Krenzolok, a board certified toxicologist, found that Mr. Tennant tested positive for the presence of alpha-hydroxyalprazolam, known as Xanax, (a metabolite of the benzodiazepine alprazolam) at a concentration of 7,100 mg/ml. Mr. Krenzolok stated that benzodiazepine can cause cognitive disorders, confusion, slurred speech, memory impairment, impaired reaction times, and sedation. Mr. Krenzolok found that the level of benzodiazepines was inordinately high and is consistent with a large amount of alprazolam. Mr. Krenzolok opined that the alprazolam impaired Mr. Tennant's fine and gross motor skills as well as his overall judgement and contributed to his inability to operate a motor vehicle safely. He found this was a substantial contributing factor to the accident. Mr. Tennant had a valid prescription for Xanax, and he submitted an application for workers' compensation benefits for his motor vehicle accident that occurred on October 1, 2013. The claims administrator denied Mr. Tennant's application.

The Office of Judges modified the claims administrator's decision and found that the claim is denied in accordance with West Virginia Code § 23-4-2(a). The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Tennant disagrees and asserts that the motor vehicle accident happened during and in the course of his employment. Fire Safety Investigations maintains that Mr. Tennant's intoxication was the proximate cause of his injury.

The Office of Judges noted that the issues are whether Mr. Tennant was in the course of his employment at the time of the accident and whether his intoxication due to the prescription medication Xanax caused this accident. The Office of Judges found that Mr. Tennant was directed by his boss to travel off the work site to West Virginia from Ohio in order to take a drug test, and therefore, the Office of Judges concluded that at the time of the accident Mr. Tennant was acting in the course of his employment.

The Office of Judges noted that it was more difficult to determine if the injury occurred as a result of his employment or due to his intoxication from the prescription Xanax. West Virginia Code § 23-4-2(a) states that notwithstanding anything contained in Chapter 24, a claimant is not to receive workers' compensation benefits if the injury was caused by the intoxication of the claimant. The Office of Judges noted that there are witnesses who state that Mr. Tennant was acting erratically. Mr. Harris, Mr. Tennant's boss, was persuaded by Mr. Tennant that he was alright to drive. Mr. Tennant was on a prescription of Xanax, and his doctor had recently increased his dosage of Xanax due to some stressors. A toxicology report from the hospital drug test showed that the amount of Xanax in Mr. Tennant's bloodstream was 7,100 mg/ml. The report noted that the detectable amount of Xanax is 300 mg/ml, and therefore, Mr. Tennant had more than twenty-three times the detectable level of Xanax in his blood stream at the time he was tested after the accident occurred. Mr. Krenzolok, the toxicologist, noted that this inordinately high level of Xanax would impair Mr. Tennant's gross motor skills and his overall judgement. Mr. Krenzolok opined that this extremely high dosage of the prescription drug was a substantial contributing factor in the motor vehicle accident. Based on Mr. Tennant's erratic behavior, as witnessed by several individuals and the toxicology report, the Office of Judges found that Mr. Tennant had exceeded the prescribed dosage of Xanax to a great extent and that his intoxication based on the ingestion of the prescription drug was the main cause of

the motor vehicle accident. Therefore, the Office of Judges concluded that in accordance with West Virginia Code § 23-4-2(a), Mr. Tennant cannot recover workers' compensation benefits.

The Board of Review agreed with the findings and conclusions of the Office of Judges. This Court agrees with the Board of Review. West Virginia Code § 23-4-2(a) does not allow a claimant to recover workers' compensation benefits if the injury was caused by an intoxication of the claimant. The toxicology report from the hospital drug test showed that the amount of Xanax in Mr. Tennant's bloodstream was 7,100 mg/ml. Mr. Krenzolok, the toxicologist, found this to be an inordinately high level of Xanax which would impair Mr. Tennant's gross motor skills and his overall judgement, and he opined that this extremely high dosage of the prescription drug was a substantial contributing factor in the motor vehicle accident. Therefore, the Board of Review and Office of Judges correctly denied Mr. Tennant's application for workers' compensation benefits in reliance on West Virginia Code § 23-4-2(a).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 11, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum